IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON R. MITCHELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-2816-D-BN |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Brandon R. Mitchell, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

**Background**

Petitioner was charged with unlawful possession of a firearm by a Dallas County grand jury. Petitioner entered a guilty plea and was sentenced a term of six years of imprisonment.[1] Petitioner did not file a direct appeal. Instead, he filed an application for state post-conviction relief. The application was dismissed without written order. *See Ex parte Mitchell*, WR-77,062-02 (Tex. Crim. App. Feb. 27, 2013).

Petitioner then filed this action in federal district court, claiming that he received ineffective assistance of counsel. Respondent filed a preliminary response in

---

[1] Petitioner is also serving a concurrent six-year sentence for unlawful possession of methamphetamine with intent to deliver. He does not challenge that conviction in the instant habeas petition.

which he argues that this case is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 7. Although he was permitted to file a reply brief, *see* Dkt. No. 4, Petitioner has not done so.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158

F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the actual innocence gateway is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

**Analysis**

Petitioner pled guilty to unlawful possession of a firearm and was sentenced to a term of six years of imprisonment on April 1, 2011. No appeal was taken. Therefore, the judgment became final for limitations purposes 30 days thereafter – on May 2, 2011. *See* TEX. R. APP. P. 26.2(a)(1) (notice of appeal in criminal case must be filed within 30 days after sentence is imposed or suspended).[2]

Petitioner submitted his application for state post-conviction relief no earlier than December 16, 2012. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (a prisoner's state habeas application is "deemed filed at the time [it is] delivered to prison authorities"). The application was dismissed on February 27, 2013. *See Ex parte Mitchell*, WR-77,062-02 (Tex. Crim. App. Feb. 27, 2013). Petitioner then submitted the

---

[2] The 30th day after judgment was entered fell on Sunday, May 1, 2011. As a result, Petitioner was permitted to file a notice of appeal by the following Monday, May 2, 2011. *See* TEX. R. APP. P. 4.1(a).

instant habeas application for mailing to federal district court no earlier than June 18, 2013.[3]

The AEDPA statute of limitations started to run on May 2, 2011, when Petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was not tolled during the pendency of Petitioner's state habeas petition because it was filed no earlier than December 16, 2012 – more than one year after Petitioner's conviction became final. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"). His federal habeas application is therefore untimely by over 13 months.

In his habeas application, Petitioner claims that his untimely application should be excused because, due to ineffective assistance of counsel, he "did not know how [his] constitutional rights were violated." *See* Dkt. No. 3 at 9. He further claims that he is actually innocent of unlawful possession of a firearm because the gun at issue was not his. *See id.* at 6-7. Petitioner's claim of ineffective assistance of counsel does not support equitable tolling because the limitations period did not begin until his conviction became final. At that point, Petitioner was no longer entitled to counsel, and he filed his habeas petition *pro se. See United States v. Petty,* 530 F.3d 361, 366 (5th Cir. 2008) ("ineffective assistance of counsel is irrelevant to the tolling decision because

---

[3] Petitioner's habeas application indicates that he placed it in the prison mail system on June 18, 2013. *See* Dkt. No. 3 at 10. Respondent provides evidence that Petitioner submitted the application to prison authorities on June 25, 2013. *See* Dkt. No. 9-1 at 8.

a prisoner has no right to counsel during post-conviction proceedings"). The United States Court of Appeals for the Fifth Circuit has repeatedly held that lack of knowledge or ignorance of the law does not justify equitable tolling of the AEDPA statute of limitations. *See Flores v. Quarterman,* 467 F.3d 484, 486 (5th Cir. 2006).

Petitioner claims that, despite his guilty plea, he did not unlawfully possess a firearm. However, Petitioner's conclusory argument does not constitute "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial" – that is, evidence sufficient to persuade the district court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'" – such that the AEDPA's limitations period is overcome. *McQuiggin,* 133 S. Ct. at 1928, 1936 (quoting *Schlup,* 513 U.S. at 329). Petitioner falls far short of meeting the threshold level of proof required to invoke an actual innocence or miscarriage of justice exception to the AEDPA's statute of limitations. *See, e.g., Golmon v. Director, TDJC-CID,* No. 6:13-cv-325, 2013 WL 3724838, at *1 (E.D. Tex. July 15, 2013) (petitioner's failure to present any evidence of innocence was insufficient to invoke exception); *see also Sullivan v. Walker,* No. 4:12-cv-833-A, 2013 WL 2465366, at *3 (N.D. Tex. June 7, 2013) (same).

Without proof of actual innocence or a basis for equitable tolling, Petitioner's untimely writ must be dismissed.

**Recommendation**

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 18, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE